United States District Court
Southern District of Texas
**ENTERED**
May 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-3166 |
| | § | |
| MERIT MEDICAL SYSTEMS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to dismiss filed by the defendants. The motion (Dkt. 18) is **GRANTED**. The plaintiff's claims brought under federal law are **DISMISSED WITH PREJUDICE**. The plaintiff's claims brought under Texas state law are **DISMISSED WITHOUT PREJUDICE**.

## FACTUAL AND PROCEDURAL BACKGROUND

The *pro se* plaintiff, Sarah Gutierrez ("Gutierrez"), alleges that her former employer, Defendant Merit Medical Systems ("Merit"), "subjected [her] to disparate treatment, discrimination and retaliation due to [her] race and national origin" and retaliated against her when she helped other employees file anti-discrimination actions (Dkt. 8 at p. 9). While employed with Merit, Gutierrez filed both a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and a claim for unpaid wages with the Texas Workforce Commission ("TWC") (Dkt. 8 at pp. 9, 15). Ultimately, Merit fired Gutierrez (Dkt. 8 at p. 5).

Gutierrez received a right-to-sue letter from the EEOC on May 23, 2019 (Dkt. 8 at p. 12). The right-to-sue letter informed Gutierrez that her deadline to file a lawsuit based on the allegations in her EEOC charge was 90 days from her receipt of the right-to-sue letter (Dkt. 8 at p. 7). Since Gutierrez received the letter on May 23, 2019 (a Thursday), her deadline to file a lawsuit was August 21, 2019 (a Wednesday). Gutierrez filed this lawsuit on August 23, 2019, the Friday after her deadline (Dkt. 1 at p. 20).

In her pleadings, Gutierrez alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (Dkt. 8 at p. 4). Her pleadings can also be liberally construed as appealing the result of her unsuccessful claim to the TWC (Dkt. 8 at pp. 10–11). *See* Tex. Lab. Code § 61.062. The defendants have moved to dismiss the Title VII claims as time-barred and have asked the Court to decline to exercise supplemental jurisdiction over any claims brought under Texas state law (Dkt. 18). Gutierrez has neither filed a response to the defendants' motion nor requested leave to amend her pleadings.

## FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face.

*Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

## ANALYSIS

The Court will dismiss all of Gutierrez's claims.

### A.    Gutierrez's Title VII claims are time-barred.

Title VII claims must be filed within 90 days of the plaintiff's receipt of the statutory notice of his or her right to sue from the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379–80 (5th Cir. 2002). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed"—even one day late is too late. *Id.* Gutierrez received her right-to-sue letter on May 23, 2019. Her deadline to file suit was August 21, 2019. She filed this lawsuit on August 23, 2019. The Court must dismiss her Title VII claims. *Id.*; *see also Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986).

### B.    The Court declines to exercise supplemental jurisdiction over Gutierrez's Texas state-law claims.

Gutierrez's pleadings can also be liberally construed as appealing the result of her unsuccessful claim to the TWC (Dkt. 8 at pp. 10–11). *See* Tex. Lab. Code § 61.062. To the extent that Gutierrez is attempting to bring such an appeal, her claim arises under Texas law, and the TWC must be named as a defendant. *See* Tex. Lab. Code § 61.062(c).

In their motion to dismiss, the defendants have pointed out, among other deficiencies, Gutierrez's failure to name the TWC as a defendant, but Gutierrez has not responded to the motion. Seeing no reason not to do so, the Court will follow the general rule in the Fifth Circuit and decline to exercise supplemental jurisdiction over any state-law claims that Gutierrez has brought. *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (noting that the "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial") (quotation marks omitted).

## CONCLUSION

The Court **GRANTS** the defendants' motion to dismiss (Dkt. 18). The plaintiff's claims under Title VII of the Civil Rights Act of 1964 are **DISMISSED WITH PREJUDICE**. The plaintiff's claims under Texas state law are **DISMISSED WITHOUT PREJUDICE**. The Court will enter a separate final judgment.

SIGNED at Houston, Texas, this 15th day of May, 2020.

George C. Hanks Jr
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE